**FILED
CLERK**

**3/19/2019 2:16 pm**

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
KEVIN OHLSSON also known as
KEVIN D. OHLSSON,

                    Plaintiffs,

        -against-                                           ORDER
                                                            18-CV-5736 (JMA)(GRB)
ADULTS AND CHILDREN WITH
LEARNING AND DEVELOPMENTAL
DISABILITIES INC., et al,

                    Defendants.
-------------------------------------------------------X
```

**AZRACK, District Judge:**

On October 12, 2018, pro se plaintiff Kevin Ohlsson commenced this action against Adults and Children with Learning and Developmental Disabilities Inc. and Salvatore Torres (collectively, "defendants.")

On October 16, 2018, the undersigned issued an Order granting in forma pauperis status and directing service of the summons and complaint upon the defendants by the United States Marshal Service. On January 8, 2019, counsel for defendants filed a letter requesting a pre-motion conference concerning a motion to dismiss. Plaintiff never responded to the letter. On January 25, 2019, this Court issued an Order directing the pro se plaintiff to file a response to the pre-motion conference letter by February 8, 2019. Plaintiff was warned that failure to respond may result in dismissal of the action for failure to prosecute. A copy of the Order was mailed to plaintiff at his address listed on the docket sheet. Plaintiff never filed a response.

On February 12, 2019, defendants filed a motion to dismiss for lack of prosecution.

On March 1, 2019, this Court issued a second Order directing plaintiff to file a response to the pre-motion conference letter by March 15, 2019. Plaintiff was warned that failure to comply

would result in dismissal of the case for failure to prosecute. A copy was mailed to plaintiff at his address listed on the docket sheet. To date, plaintiff has not responded to the defendants' pre-motion conference letter or otherwise communicated with the Court.

Rule 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Second Circuit considers five principal factors when reviewing a district court's order of dismissal for failure to prosecute:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating the court calendar congestion and protecting the party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Shannon v. Gen. Elec. Co., 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)). Generally, no single factor is dispositive. Id. at 194.

After the Court afforded plaintiff multiple opportunities to do so, plaintiff has failed to respond to the pre-motion conference letter and the Court's Orders. The Court warned plaintiff that failure to respond could result in the dismissal of the case. Plaintiff's failure to comply with the Court's Order constitutes grounds for dismissal. Accordingly, defendants' motion to dismiss for lack of prosecution is granted, plaintiff's complaint is dismissed without prejudice, and the Clerk of Court is directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this Order to the plaintiff.

**SO ORDERED.**

Dated: March 19, 2019
Central Islip, New York

                                              /s/ JMA
                                      JOAN M. AZRACK
                                      UNITED STATES DISTRICT JUDGE